UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBORAH A. ARMSTRONG,

    Plaintiff,

v.                                                    CASE NO.: 8:09-cv-2297-T-23TGW

SEARS, ROEBUCK AND CO.,

    Defendant.

_____/

**ORDER**

The plaintiff sues (Doc. 2) the defendant in state court for injuries that resulted from the plaintiff's alleged slip-and-fall in one of the defendant's stores. The complaint (Doc. 2) alleges that the amount in controversy exceeds $15,0000.00 but fails to specify the exact amount of damages that the plaintiff seeks. The defendant removes (Doc. 1) and offers the plaintiff's pre-suit demand letter[1] as evidence that the amount in controversy exceeds $75,000.00.

Before addressing the merits of any case, a determination is required as to "whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 501 (2006). Accordingly, the issue of subject-matter jurisdiction may be raised sua sponte "at any stage in the litigation." Arbaugh, 546 U.S. at 506; see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject[-]matter jurisdiction, the case shall be remanded."). This action must be remanded because the removing documents fail to establish a basis for federal jurisdiction.

---

[1] The plaintiff demanded $600,000.00 on April 22, 2009. (Doc. 1, Ex. B)

Pursuant to 28 U.S.C. § 1441, the defendant may remove any action over which a federal district court has original jurisdiction. Under 28 U.S.C. § 1446,

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

A plaintiff's "pre-suit settlement demand letter[] will not be considered a[n] 'other paper' for the purpose of satisfying the amount in controversy requirement." Negron v. Sears Roebuck & Co., 2006 WL 1169697 (M.D. Fla. 2006) (citing Saberton v. Sears Roebuck & Co., 392 F. Supp. 2d 1358 (M.D. Fla. 2005); Depina v. Iron Mountain Info. Mgmt., Inc., 2005 WL 1319231 (M.D. Fla. 2005); Martin v. Mentor Corp., 142 F. Supp. 2d 1346 (M.D. Fla. 2001); Chapman v. Powermatic, Inc., 969 F.2d 160, 164 (5th Cir. 1992)). "By its plain terms the statute requires that if an 'other paper' is to trigger the thirty-day time period of the second paragraph of § 1441(b), the defendant must receive the 'other paper' only after [the defendant] receives the initial pleading." 969 F.2d at 164.

Accordingly, because the defendant offers no other evidence to support the defendant's allegation that the amount in controversy exceeds the jurisdictional amount, this case is **REMANDED** to the Circuit Court for Manatee County.[2] 28 U.S.C. § 1447(c). The Clerk is directed to (1) mail a certified copy of this order, pursuant to 28 U.S.C.

---

[2] If the complaint seeks an indeterminate amount of damages, "the defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy" exceeds $75,000.00. Leonard v. Enterprise Rent-A-Car, 279 F.3d 967, 972 (11th Cir. 2002). The defendant must present documents received from the plaintiff that "contain an unambiguous statement that clearly establishes federal jurisdiction." Lowery v. Alabama Power Co., 483 F.3d 1184, 1215 n.63 (11th Cir. 2007), cert. denied, 128 S. Ct. 2877 (2008).

- 2 -

§ 1447(c), to the Clerk of the Circuit Court for Manatee County, Florida, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on November 19, 2009.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE